NO.
12-09-00266-CR

            

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

LUTHER
LEEVAN JACKSON, JR.,               §                 APPEAL FROM THE 145TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 NACOGDOCHES
COUNTY, TEXAS

                                                        
                                         

MEMORANDUM OPINION

PER CURIAM

     Luther
Leevan Jackson, Jr., appeals his conviction for aggravated sexual assault of a
child.  Appellant’s counsel has filed a brief asserting compliance with Anders
v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967)
and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We
dismiss the appeal.

 

Background

On June
12, 2006, Appellant had sexual intercourse with a thirteen year old female. 
Appellant was nineteen years old at the time.  Appellant was arrested and
indicted for the offense of aggravated sexual assault of a child, a first
degree felony.  On March 20, 2008, Appellant pleaded guilty and received five
years of deferred adjudication community supervision and a fine of $1,500.00. 
One of the conditions of Appellant’s deferred adjudication community
supervision required him to refrain from committing any other criminal offense
during the period of his supervision.

The State
filed an application to adjudicate Appellant’s guilt, an amended application,
and later on July 13, 2009, a second amended application.  In the second
amended application, the State alleged that Appellant committed four criminal
offenses during the period of his community supervision.  Particularly, the
State alleged that Appellant (1) resisted arrest on March 16, 2009, (2)
possessed marijuana on March 16, 2009, (3) possessed marijuana on April 29,
2009, and (4) evaded arrest on June 3, 2009.  Appellant pleaded “not true” to
the allegations.  The trial court found the March 16, 2009 possession of
marijuana charge to be “not true,” but found the remaining three allegations to
be “true.”  Accordingly, at the hearing on the application, the trial court revoked
Appellant’s deferred adjudication community supervision, proceeded to final
adjudication, found him guilty of the underlying offense, and proceeded to the
punishment phase of Appellant’s trial.  The trial court assessed Appellant’s
punishment at fifteen years of imprisonment.  This appeal followed.

 

Analysis
Pursuant to Anders v. California

Appellant’s
counsel has filed a brief in compliance with Anders and Gainous. 
Counsel states that he has diligently reviewed the appellate record and that he
is well acquainted with the facts of this case.  In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978), counsel=s brief presents a thorough
chronological summary of the procedural history of the case and further states
that counsel is unable to present any arguable issues for appeal.[1]  See Anders, 386 U.S. at 745, 87 S. Ct. at
1400; see also Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346,
350, 102 L. Ed. 2d 300 (1988).  

We
have considered counsel’s brief and have conducted our own independent review
of the record. We found no reversible error.  See Bledsoe v. State,
178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 

                                                                   Conclusion

As
required, Appellant’s counsel has moved for leave to withdraw.  See In re
Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig.
proceeding); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991).  We are in agreement with Appellant’s counsel that the appeal is
wholly frivolous.  Accordingly, his motion for leave to withdraw is hereby granted,
and we dismiss this appeal.  See In re Schulman,
252 S.W.3d at 408B09 (“After the completion of
these four steps, the court of appeals will either agree that the appeal is
wholly frivolous, grant the attorney=s motion to withdraw, and dismiss
the appeal, or it will determine that there may be plausible grounds for appeal.”).

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review. See Tex.
R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. 
Should Appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review or he must file a pro se petition for discretionary review.
See In re Schulman, 252 S.W.3d at 408 n.22.  Any petition for
discretionary review must be filed within thirty days from the date of either
this opinion or the last timely motion for rehearing that was overruled by this
court.  See Tex. R. App. P.
68.2.  Any petition for discretionary review must be filed with this court,
after which it will be forwarded to the Texas Court of Criminal Appeals along
with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for discretionary review
should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure.  See Tex. R.
App. P. 68.4; In re Schulman, 252 S.W.3d at 408 n.22.

Opinion
delivered April 20, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] Counsel for
Appellant certified that he provided Appellant with a copy of his brief and
informed Appellant that he had the right to file his own brief. Appellant was
given time to file his own brief, but the time for filing such a brief has
expired and we have received no pro se brief.